**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

JASON NOEL,

    Plaintiff,

vs.

CITY OF FORT LAUDERDALE, FLORIDA,
CHIEF OF POLICE FRANK ADDERLEY,
Individually, and SERGEANT MICHAEL SIEKIERSKI,
Individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jason Noel, (hereinafter "PLAINTIFF") by and through the undersigned attorney, sues the City of Fort Lauderdale (hereinafter "CITY"), Chief of Police Frank Adderley (hereinafter "ADDERLEY"), individually, Sergeant Michael Siekierski (hereinafter "SIEKIERSKI"), individually, and states as follows:

## BRIEF SUMMARY OF THE CASE

1. Because of the Chief of Police and Sergeant Siekierski's unlawful entry onto private property to tag and have removed vehicles that were not abandoned, the Chief and SIEKIERSKI'S conduct constituted an unlawful seizure, deprivation of property under the Fourth Amendment of the U.S. Constitution and the Florida Constitution, and a due process violation under the Fourteenth Amendment and the Florida Constitution and as well as a breach of statutory duty against the PLAINTIFF.

1

## NATURE OF CASE

2. This is an action for damages that raises federal claims for unlawful seizure, deprivation of property, and due process violations, as well as State claims for due process violations and negligence for failure to follow the CITY'S towing ordinances on or about February 22, 2015.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, the Fourth and Fourteenth Amendments of the United States Constitution, the Florida Constitution, and the laws of the State of Florida. Jurisdiction is based upon 28 U.S.C. §1331 and §1343. PLAINTIFF further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide the claims arising under State law.

4. The amount in controversy in this case, excluding interest and costs, exceeds the minimum jurisdictional limits of this Court.

5. That all of the conditions precedent to the filing of this lawsuit has been fulfilled pursuant to Florida Statutes Section 768.28 (6) (a)-(d).

6. PLAINTIFF presented his claims for damages in writing to the CITY by letter on or about April 21, 2015, within three years of the accrual of this cause of action. See Exhibit A.

7. The CITY never made a final disposition of the claims of the PLAINTIFF within six months of there presentation.

8. Venue is proper because the PLAINTIFF resides in Broward County, Florida, the City of Fort Lauderdale is a municipality located in Broward County, Florida, and all acts and omissions

that give rise to this Complaint by ADDERLEY and SIEKIERSKI occurred in Fort Lauderdale, Broward County, Florida.

## THE PARTIES

9. PLAINTIFF is a resident of Broward County, Florida and is subject to the jurisdiction of this Court.

10. Defendant CITY is a municipality in Broward County, Florida, has its principal place of operation in Broward County, Florida, chartered under the laws of the State of Florida, and is otherwise subject to the jurisdiction of this Court.

11. At all times material hereto, ADDERLEY was employed as Chief of Police for the CITY and SIEKIERSKI was employed as a Sergeant with the City's Police Department. As an employee of the CITY, ADDERLEY and SIEKIERSKI were acting under the color of state law and is otherwise subject to the jurisdiction of this Court.

## STATEMENT OF FACTS

12. At all times material hereto, PLAINTIFF operated a business where he transported dead bodies either to funeral homes or to medical facilities for organ donation.

13. PLAINTIFF used two vehicles equipped with cots, transfer boards, and other equipment to facilitate the transportation of these bodies.

14. PLAINTIFF, who owned these vehicles, parked these vehicles and two additional ones behind residential property owned by Marjorie Brown, at 409 NW 15TH Way, Fort Lauderdale, Florida 33311.

15. PLAINTIFF had Marjorie Brown's permission to park the vehicles at 409 NW 15TH Way, Fort Lauderdale, Florida 33311.

16. The vehicles could not be seen from the street.

17. Although no one was residing in the house at the time, the residential property was well-maintained and was not the subject of any code violations.

18. For reasons unbeknownst to the PLAINTIFF, on or about February 18, 2015, ADDERLEY and SIEKIERSKI unlawfully and illegally came onto private property at 409 NW 15TH Way, Fort Lauderdale, Florida 33311 without authority, without a warrant, and without permission and had the four vehicles "red tagged" for removal, pursuant to City of Fort Lauderdale Code of Ordinances Section 18.

19. The owner of the residential property nor the PLAINTIFF was contacted prior to "red tagging" the vehicles or afterwards.

20. On February 22, 2015, four days later, and contrary to City of Fort Lauderdale Code of Ordinances Section 18, ADDERLEY and SIEKIERSKI unlawfully had these vehicles removed from the property.

21. The police department failed to inventory the vehicles as required.

22. At the time of tagging and removal, the PLAINTIFF was out of town. He returned on March 4, 2015, and noticed that the vehicles were missing. When he went to the police department to report the vehicles stolen, PLAINTIFF was then advised that the vehicles had been ordered towed by the Fort Lauderdale Police Department.

23. On March 6, 2015, PLAINTIFF called ADDERLEY on his cell phone to complain about the missing vehicles. ADDERLEY advised PLAINTIFF that he would look into the matter and get back with the PLAINTIFF, when, in fact, it was the Chief himself who caused the vehicles to be towed.

24. By March 9, 2015, and after the Chief had not responded back to the PLAINTIFF, the PLAINTIFF went to City Hall to file a complaint with the Mayor.

25. Sometime later that day, the vehicles were returned.

26. Upon inspection, PLAINTIFF discovered that his equipment within the vehicle used for the transportation of dead bodies was missing and other items, including a firearm was missing as well.

27. When he complained to the police department on March 10, 2015, Captain Steven Scelfo responded to him in a rude and condescending way and told him that Sergeant Michael Siekierski would call him back. Sergeant Michael Siekierski called the PLAINTIFF back around 5:10pm on March 10, 2015. He was also rude to the PLAINTIFF, and told the PLAINTIFF he would have PLAINTIFF investigated by the CITY's Code Enforcement Department and then abruptly hung up the phone on the PLAINTIFF.

28. As Exhibit B 1-2 clearly indicates, the CITY through its Police Legal Advisor concedes that the vehicles were towed in error, as the officers did not follow the procedure, required by the City in Municipal Ordinance Section 18. (See Paragraphs 31 and 32 infra).

29. Failure of a CITY to follow its own procedures constitutes a due process violation. See *Matar vs. Fla. Int'l University*, 944 So. 2d 1153, 1157 (Fla. 3d DCA 2006) ("an agency violates a person's due process rights if it ignores rules promulgated thereby which affect individual rights"). *Beheshtitabar vs. Fla. State University*, 472 So. 2d 166, 167 (Fla. 5th DCA 1983); *Rupp M.D. vs. Department of Health*, 963 So. 2d 790, 795 (Fla. 3d DCA 2007); *Armesto vs. Weidner*, 615 So. 2d 707, 709 (Fla. 3d DCA 1992) (state agency violated a person's due process rights if it ignores rules promulgated thereby which affect individual rights).

30. Because the Chief of Police and SIEKIERSKI unlawfully and illegally trespassed onto private property, without permission, without authority, and without a warrant, and illegally caused vehicles that were not abandoned to be towed in derogation of the CITY rules,

5

regulations, and ordinances, PLAINTIFF'S vehicles were damaged, equipment and a firearm was stolen, he was deprived of his right of possession of his property, his business and reputation were damaged, caused him to hire an attorney as a result of this unlawful seizure, due process violations and breach of statutory duty.

## CITY CODE OF ORDINANCES

31. As to abandoned or derelict vehicles, Section 18 of the CITY'S Code of Ordinances provides:

> **Sec. 18-3. - Definitions.**
>
> The following words, terms and phrases, when used in this chapter shall have the meanings ascribed to them in this section:
>
> *Abandon* shall mean to give up or leave without intending to return or claim again any motor vehicle or vessel on public property or *on private property without the permission of the property owner*. (*Emphasis added.*)
>
> **Sec. 18-4. - Abandoned or derelict motor vehicles or vessels prohibited.**
>
> It is declared unlawful and a public nuisance for any owner of any motor vehicle or vessel to violate any of the provisions in this section or for any property owner or occupant to allow a violation of this section to exist.
>
> (a) No person shall abandon any motor vehicle or vessel upon any public property within the city for a period of time in excess of twenty-four (24) hours.
> (b) No person shall abandon any motor vehicle or vessel upon any private property for a period of time in excess of ten (10) days.
> (Ord. No. C-09-18, § 2, 7-7-09)

32. The CITY's Code of Ordinances sets out the notice requirements for the removal of abandoned or derelict vehicles. Section 18-5 provides:

> **Sec. 18-5. - Notice to abate; abandoned or derelict motor vehicles or vessels.**
>
> (a) *Notice, public property.* Notice of a violation of this article shall be served by affixing a written notice on the motor vehicle or vessel.
> (b) *Notice, private property.* Notice of a violation of this article shall be served by either affixing a written notice on the motor vehicle or vessel or by posting the

written notice in a conspicuous place on the property, or by hand delivering the written notice to the owner, lessee or occupant of the property.
(c) *Content.* The notice shall include:

1. Request for removal from any public property within twenty-four (24) hours or any private property within ten (10) days;
2. That upon failure to comply with the notice of removal, the violation may be referred to the special magistrate as a violation of this article pursuant to Chapter 11, and/or the motor vehicle(s) and/or vessel(s) may be removed by the city with the cost of removal to be levied against the owner of the motor vehicle or vessel;
3. The process for the right to contest the violation. (Ord. No. C-09-18, § 2, 7-7-09)

## COUNT I – VIOLATION OF 42 U.S.C. §1983 AND THE FOURTH AMENDMENT FOR UNLAWFUL SEIZURE (against ADDERLEY)

33. The allegations of paragraphs 1 through 32 are reaffirmed and incorporated herein by reference.

34. This is an action against ADDERLEY for violation of 42 U.S.C. §1983, the Fourth Amendment, and the Fourteenth Amendment of the United States Constitution for unlawful seizure.

35. PLAINTIFF has a Fourth Amendment right to be free from any unlawful seizure of his property by law enforcement officers.

36. Pursuant to Section 18 of the CITY's Code of Ordinances, before an abandoned vehicle can be removed from private property, notice of a violation must be served upon the owner by "affixing a written notice on the motor vehicle or vessel by posting the written notice in a conspicuous place on the property, or by hand delivering the written notice to the owner, lessee or occupant of the property." See Section 18-5, City of Fort Lauderdale Code of Ordinances.

37. After notice has been provided, the owner of the property has up to ten (10) days to correct the violation before it is sent to a special magistrate for prosecution. See Section 18-5, City of Fort Lauderdale Code of Ordinances. See also Exhibit B 1-2.

7

38. On February 18, 2015, ADDERLEY unlawfully and illegally entered onto the property without a warrant, without permission, and had the vehicles "red tagged" for removal, contrary to City of Fort Lauderdale Code of Ordinances Section 18.

39. Neither the owner of the residential property nor the PLAINTIFF was contacted or given notice in accordance with the CITY ordinances prior to "red tagging" the vehicles.

40. Although the vehicles were never abandoned, ADDERLEY unlawfully had these vehicles removed from the property on February 22, 2015 within five (5) days of the red tagging and not ten (10) days as required by Section 18.

41. By the actions and omissions described above, ADDERLEY deprived PLAINTIFF of the clearly established and well-settled constitutional right, as protected by the Fourth Amendment of the U.S. Constitution, to be free from unreasonable seizures.

42. As a direct and proximate result of Defendants' acts and/or omissions, PLAINTIFF sustained injuries and damages as set forth below, ADDERLEY subjected PLAINTIFF to wrongful conduct, depriving PLAINTIFF of the rights described above knowingly, maliciously, and without conscious and with reckless disregard for whether the rights of the PLAINTIFF would be violated by such conduct.

WHEREFORE, PLAINTIFF requests:

I. Any and all damages in an amount according to proof and which is fair, just, and reasonable.

II. Any and all punitive damages allowable under 42 U.S.C. Section 1983 against ADDERLEY in an amount according to proof and which is fair, just and reasonable.

III. Penalties, costs, interest and attorney's fees allowable by 42 U.S.C. Sections 1983 and 1988; and

IV. Trial by jury as to all issues so triable.

### COUNT II- VIOLATION OF 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT FOR VIOLATION OF DUE PROCESS (against ADDERLEY)

43. The allegations of paragraphs 1 through 32 are reaffirmed and incorporated herein by reference.

44. This cause of action is brought by PLAINTIFF against ADDERLEY for the seizure of property without due process, in violation of the Fourteenth Amendment of the United States Constitution.

45. ADDERLEY deprived PLAINTIFF of his constitutionally protected rights by entering residential property, without authority, and without a warrant or permission, by illegally causing vehicles that were not abandoned to be towed without adhering to the procedures set forth in Section 18 of the CITY's ordinances.

46. ADDERLEY had knowledge that his act of removing the PLAINTIFF'S vehicles was without due process and violated his constitutional rights.

47. ADDERLEY'S actions was carried out for the very purpose of depriving PLAINTIFF of his property under the law and to expressly violate PLAINTIFF's right to due process as guaranteed in the Fourteenth Amendment of the United States Constitution.

48. As a direct and proximate result of Defendants' acts and/or omissions, PLAINTIFF sustained injuries and damages as set forth below, ADDERLEY subjected PLAINTIFF to wrongful conduct, depriving PLAINTIFF of rights described above knowingly, maliciously, and without conscious and with reckless disregard for whether the rights of the PLAINTIFF would be violated by such conduct.

WHEREFORE, PLAINTIFF requests:

V. Any and all damages in an amount according to proof and which is fair, just, and reasonable.

VI. Any and all punitive damages allowable under 42 U.S.C. Section 1983 against ADDERLEY in an amount according to proof and which is fair, just and reasonable.

VII. Penalties, costs, interest and attorney's fees allowable by 42 U.S.C. Sections 1983 and 1988; and

VIII. Trial by jury as to all issues so triable.

**COUNT III- VIOLATION OF 42 U.S.C. §1983 AND THE FOURTH AMENDMENT FOR UNLAWFUL SEIZURE (against SIEKIERSKI)**

49. The allegations of paragraphs 1 through 32 are reaffirmed and incorporated herein by reference.

50. This is an action against SIEKIERSKI for violation of 42 U.S.C. §1983, the Fourth Amendment, and the Fourteenth Amendment of the United States Constitution for unlawful seizure.

51. PLAINTIFF has a Fourth Amendment right to be free from any unlawful seizure of his property by law enforcement officers.

52. Pursuant to Section 18 of the CITY'S Code of Ordinances, before an abandoned vehicle can be removed from private property, notice of a violation must be served upon the owner by "affixing a written notice on the motor vehicle or vessel by posting the written notice in a conspicuous place on the property, or by hand delivering the written notice to the owner, lessee or occupant of the property." See Section 18-5, City of Fort Lauderdale Code of Ordinances.

53. After notice has been provided, the owner of the property has up to ten (10) days to correct the violation before it is sent to a special magistrate for prosecution. See Section 18-5, City of Fort Lauderdale Code of Ordinances.

54. On February 18, 2015, SIEKIERSKI unlawfully and illegally came onto the property without a warrant, without permission, and "red tagged" the vehicles for removal, pursuant to City of Fort Lauderdale Code of Ordinances Section 18.

55. The owner of neither the residential property nor the PLAINTIFF was contacted or given notice in accordance with the CITY ordinances prior to "red tagging" the vehicles.

56. Although the vehicles were never abandoned, SIEKIERSKI unlawfully had these vehicles removed from the property on February 22, 2015 within five (5) days of the red tagging and not ten (10) days as required by Section 18.

57. By the actions and omissions described above, SIEKIERSKI deprived PLAINTIFF of the clearly established and well-settled constitutional right, as protected by the Fourth Amendment of the U.S. Constitution, to be free from unreasonable seizures.

58. As a direct and proximate result of Defendants' acts and/or omissions, PLAINTIFF sustained injuries and damages as set forth below, SIEKIERSKI subjected PLAINTIFF to wrongful conduct, depriving PLAINTIFF of the rights described above knowingly, maliciously, and without conscious, and with reckless disregard for whether the rights of the PLAINTIFF would be violated by such conduct.

WHEREFORE, PLAINTIFF requests:

IX. Any and all damages in an amount according to proof and which is fair, just, and reasonable.

X. Any and all punitive damages allowable under 42 U.S.C. Section 1983 against SIEKIERSKI in an amount according to proof and which is fair, just and reasonable.

XI. Penalties, costs, interest and attorney's fees allowable by 42 U.S.C. Sections 1983 and 1988; and

XII. Trial by jury as to all issues so triable.

**COUNT IV – VIOLATION OF 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT FOR VIOLATION OF DUE PROCESS (against SIEKIERSKI)**

59. The allegations of paragraphs 1 through 32 are reaffirmed and incorporated herein by reference.

60. This cause of action is brought by PLAINTIFF against Defendants for the seizure of property without due process, in violation of the Fourteenth Amendment of the United States Constitution.

61. SIEKIERSKI deprived PLAINTIFF of his constitutionally protected rights by entering residential property, without authority, and without a warrant or permission, by illegally causing vehicles that were not abandoned to be towed without adhering to the procedures set forth in Section 18 of the CITY's ordinances.

62. SIEKIERSKI had knowledge that his act of removing the PLAINTIFF'S vehicles was without due process and violated his constitutional rights.

63. SIEKIERSKI'S actions was carried out for the very purpose of depriving PLAINTIFF of his property under the law and to expressly violate PLAINTIFF's right to due process as guaranteed in the Fourteenth Amendment of the United States Constitution.

64. As a direct and proximate result of Defendants' acts and/or omissions, PLAINTIFF sustained injuries and damages as set forth below, SIEKIERSKI subjected PLAINTIFF to wrongful conduct, depriving PLAINTIFF of rights described above knowingly, maliciously, and without conscious and with reckless disregard for whether the rights of the PLAINTIFF would be violated by such conduct.

WHEREFORE, PLAINTIFF requests:

XIII.  Any and all damages in an amount according to proof and which is fair, just, and reasonable.

XIV.  Any and all punitive damages allowable under 42 U.S.C. Section 1983 against SIEKIERSKI in an amount according to proof and which is fair, just and reasonable.

XV.  Penalties, costs, interest and attorney's fees allowable by 42 U.S.C. Sections 1983 and 1988; and

XVI.  Trial by jury as to all issues so triable.

### COUNT V – ARTICLE I, SECTION 9 OF THE FLORIDA CONSTITUTION (against CITY)

65. The allegations of paragraphs 1 through 32 are reaffirmed and incorporated herein by reference.

66. This cause of action is brought by PLAINTIFF against CITY for the seizure of property without due process, in violation of Article I, Section 9 of the Florida Constitution, which provides:

> No person shall be deprived of life, liberty or property
> without due process of law, or be twice put in jeopardy
> for the same offense, or be compelledin any criminal
> matter to be a witness against oneself.

67. CITY through employees, ADDERLEY and SIEKIERSKI deprived PLAINTIFF of his constitutionally protected rights by entering onto residential property, without authority, and without a warrant or permission, by illegally causing vehicles that were not abandoned to be towed without adhering to the procedures set forth in Section 18 of the CITY's ordinances.

68. CITY, through it's employees, had knowledge that its act of removing the PLAINTIFF'S vehicles was without due process and violated his State constitutional rights. See Exhibit B1-2

13

69. CITY's actions, through it's employees, was carried out for the very purpose of depriving PLAINTIFF of his property under the law and to expressly violate PLAINTIFF's right to due process as guaranteed in Article I, Section 9 of the Florida Constitution.

70. As a direct and proximate result of Defendants' acts and/or omissions, PLAINTIFF sustained injuries and damages as set forth below. CITY subjected PLAINTIFF to wrongful conduct, depriving PLAINTIFF of rights described above knowingly, maliciously, and without conscience, and with reckless disregard for whether the rights of the PLAINTIFF would be violated by such conduct.

WHEREFORE, PLAINTIFF requests:

I. Any and all damages including but not limited to penalties, cost, interest and attorney's fees if applicable, damage to property, deprivation of use of property, lost wages in an amount according to proof and which is fair, just, and reasonable, trial by jury as to all issues so triable.

### COUNT VI

### AGAINST DEFENDANT CITY OF FORT LAUDERDALE FOR VIOLATION OF SECTION 23 OF THE FLORIDA CONSTITUTION FOR INTERFERENCE WITH CUSTODIAL RIGHTS

71. The allegations of paragraphs 1 through 32 are reaffirmed and incorporated herein by reference.

72. Section 23 of the Florida Constitution provides:

> Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.

73. The CITY is responsible for the acts and omissions of its police officers.

74. The CITY through its police officers interfered with PLAINTIFF's right to be let alone and free from governmental intrusion into his private life.

75. CITY, through ADDERLEY and SIEKIERSKI, deprived PLAINTIFF of his constitutionally protected rights by entering onto residential property, without authority, and without a warrant or permission, by illegally causing vehicles that were not abandoned to be towed without adhering to the procedures set forth in Section 18 of the CITY's ordinances.

76. CITY had knowledge that the act of removing the PLAINTIFF'S vehicles was without due process violated his State constitutional rights.

77. CITY's actions, through it's employees, was carried out for the very purpose of depriving PLAINTIFF of his property under the law and to expressly violate PLAINTIFF's right to due process as guaranteed in Article I, Section 9 of the Florida Constitution.

78. As a direct and proximate result of Defendants' acts and/or omissions, PLAINTIFF sustained injuries and damages as set forth below. CITY subjected PLAINTIFF to wrongful conduct, depriving PLAINTIFF of rights described above knowingly, maliciously, and without conscience, and with reckless disregard for whether the rights of the PLAINTIFF would be violated by such conduct.

WHEREFORE, PLAINTIFF requests:

I. Any and all damages including but not limited to penalties, cost, interest and attorney's fees if applicable, damage to property, deprivation of use of property, lost wages in an amount according to proof and which is fair, just, and reasonable, trial by jury as to all issues so triable.

### COUNT VII – NEGLIGENCE RESPONDEAT AT SUPERIOR/VICARIOUS LIABILITY FOR THE STATE CLAIM OF NEGLIGENCE (against CITY)

79. The allegations of paragraphs 1 through 32 are reaffirmed and incorporated herein by reference.

80. This is an action for negligence against the CITY under Florida Statutes Section 768.28.

81. At all times material hereto, ADDERLEY was operating as Chief of Police of CITY, and CITY was vicariously responsible for acts and omissions by this employee.

82. As Chief of Police, ADDERLEY was subject to the CITY's supervision and control.

83. As Chief of Police, ADDERLEY'S contact with PLAINTIFF was in furtherance of the business of the CITY.

84. At all times relevant to this action, CITY through its employee owed PLAINTIFF a duty to act with due care in the execution and enforcement of any right, law, legal obligation or ordinance.

85. CITY, through the acts and omissions of ADDERLEY, and others breached its duty by failing to follow its ordinances.

86. As a direct and proximate result of the negligent actions of the Chief of Police of the CITY, PLAINTIFF'S vehicles were unlawfully and illegally removed from private property, towed in derogation of the CITY rules, regulations, and ordinances, the PLAINTIFF'S vehicles were damaged, equipment, items, and a firearm missing, the PLAINTIFF was deprived of his right to possession of his property, and the PLAINITFF'S business and reputation were damaged, caused him to hire an attorney all because of this unlawful seizure and due process violation.

WHEREFORE, the PLAINTIFF respectfully requests damages in an amount according to proof and which is fair, just, and reasonable, all other damages, penalties, fees, costs, and interest allowable by law, and trial by jury as to all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being personally served this day on all parties identified on the attached Service List and by U.S. mail for those counsel and/or parties who are not authorized to receive or did not receive the electronically Notice of Electronic Filing as noted on the attached service list.

Dated: July 27, 2017

Respectfully submitted,

   /s/ Gregory Durden, Esq.
Gregory Durden, Esq.
Gregory Durden, P.A.
Trial Lawyers Building
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301
(954) 463-4688
(954) 463-1245 [fax]
ddg05@bellsouth.net
Florida Bar No. 366781

## **SERVICE LIST**

Mayor John P. Seiler
City Hall
100 N. Andrews Avenue
Fort Lauderdale, FL 33301

Frank Adderley, Chief of Police
Fort Lauderdale Police Department
1300 West Broward Blvd.
Fort Lauderdale, Florida 33312

Frank Adderley
Broward County Sheriff's Office
2601 W. Broward Blvd.
Fort Lauderdale, FL 33312

Sergeant Michael Siekierski
Fort Lauderdale Police Department
1300 West Broward Blvd.
Fort Lauderdale, Florida 33312